# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1800

_____

Bobbie Gaston,                                  *
                                                *
        Appellant,                      *   Appeal from the United States
                                                *   District Court for the
    v.                                          *   Eastern District of Arkansas.
                                                *
Michael J. Astrue,[1] Commissioner,             *   [UNPUBLISHED]
Social Security Administration,                 *
                                                *
        Appellee.                       *

_____

Submitted: May 1, 2008
Filed: May 6, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Bobbie Gaston appeals the district court's[2] order affirming the denial of supplemental security income. In Gaston's December 2000 and July 2003 applications, she alleged disability since 1998 from problems with her back, feet, and

_____

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

knee; high blood sugar; hypertension; shortness of breath; fatigue; and an unspecified mental condition. Following two hearings, an administrative law judge (ALJ) determined that (1) Gaston's obesity-related problems such as shortness of breath, as well as hypertension and diabetes, could be controlled with consistent treatment compliance, but were nonetheless severe impairments; (2) her impairments were not of listing-level severity; (3) her allegations and testimony, and the statements of others on her behalf, were not totally credible; (4) her residual functional capacity (RFC) was consistent with a full range of sedentary work; and (5) considering her age, past work, and education, she was not disabled under the Medical Vocational Guidelines (Guidelines). The Appeals Council denied review, and the district court affirmed. Having carefully reviewed the record and considered Gaston's arguments for reversal, we affirm. See Casey v. Astrue, 503 F.3d 687, 691 (8th Cir. 2007) (standard of review).

We conclude that the ALJ did not err in declining to find Gaston's depression not severe, or in discounting the psychiatric diagnoses and mental and physical RFC findings of certain physicians. See Kirby v. Astrue, 500 F.3d 705, 707-09 (8th Cir. 2007) (impairment is not severe if it is only slight abnormality that would not significantly limit mental ability to do basic work activities; claimant bears burden of establishing impairment's severity; consulting physician's opinion was not entitled to special deference, and it was based largely on claimant's subjective complaints and conflicted with another consultant's opinion); 20 C.F.R. § 416.927(d)(2)-(6) (factors in determining weight to give treating physician's opinion include length, nature, and extent of treatment relationship; whether opinion is supported by relevant evidence; and whether physician understands disability programs). The ALJ thoroughly discussed the medical records before outlining his RFC determination, which we conclude is supported by substantial evidence. See Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008) (arguable opinion-writing deficiency is not basis for overturning administrative finding where deficiency has no bearing on outcome); Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (ALJ is responsible for determining RFC,

and must base determination on medical evidence that addresses ability to function in workplace; ALJ should consider medical records, observations of treating physicians and others, and claimant's own description of her limitations).  Finally, we reject Gaston's assertion that the ALJ improperly relied on the Guidelines to find her not disabled.  <u>See</u> <u>Baker v. Barnhart</u>, 457 F.3d 882, 894-95 (8th Cir. 2006) (generally when claimant suffers from nonexertional limitations such as pain, ALJ cannot rely on Guidelines; however, Guidelines are properly used if nonexertional limitations do not diminish or significantly limit claimant's RFC to perform full range of Guideline-listed activities or if claimant's related subjective complaints are properly discredited).

Accordingly, we affirm.

_____